UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BENJAMIN RETTIG,

        Plaintiff,                      Case No. 2:22-cv-208

v.                                            Hon. Hala Y. Jarbou

UNKNOWN TENNYSON, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims for failure to state a claim against Defendants Schroeder, Westcomb, Jack, Lancour, Price, Kortman, and Mann. The Court will also dismiss without prejudice Plaintiff's state law "gross negligence" claims against those Defendants because the Court declines to exercise supplemental jurisdiction over such claims.

The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims, as well as any claims for injunctive relief, against remaining Defendants Tennyson, Neun, Britton, Hill, Lester, Trombley, and Moot. The following claims remain in the case: (1) Plaintiff's personal capacity Eighth Amendment excessive force claims for damages against Defendants Tennyson, Neun, Hill, Lester, Trombley, and Moot; (2) Plaintiff's Eighth Amendment personal capacity failure to intervene claim for damages against Defendant Britton; and (3) Plaintiff's state law "gross negligence" claims against Defendants Tennyson, Neun, Hill, Lester, Trombley, Moot, and Britton.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. Plaintiff sues Warden Sarah Schroeder, Hearing Investigator G. Jack, Grievance Coordinator J. Lancour, Lieutenant Unknown Price, Sergeants Unknown Mann and Unknown Kortman, and Corrections Officers Unknown Tennyson, Unknown Neun, Unknown Britton, J. Hill, D. Lester, Unknown Trombley, and Unknown Moot. He also sues Physician's Assistant Unknown Westcomb. Plaintiff indicates that he is suing all Defendants in their official capacities. (ECF No. 1, PageID.2–5.) He also sues Defendants Schroeder, Tennyson, Neun, Britton, Hill, Lester, Trombley, and Moot in their personal capacities. (*Id.*)

Plaintiff alleges that on January 26, 2021, Defendants Tennyson and Neun were harassing him and took him out of his cell in handcuffs, claiming that Plaintiff "needed a photo update (that was never updated)." (*Id.*, PageID.6.) They took his picture and then walked him to a room where Defendant Britton was waiting. (*Id.*) The room was dark. (*Id.*) Defendants Tennyson and Neun

2

slammed Plaintiff to the ground. (*Id.*) Plaintiff was knocked unconscious. (*Id.*) His jaw was dislocated and broken, which required surgery. (*Id.*) Plaintiff also suffered a severe injury to his right knee. (*Id.*) Plaintiff contends that Defendant Kortman "then failed to do anything" about the infliction of pain and use of excessive force. (*Id.*) He also avers that Defendants Lancour, Jack, and Schroeder failed to act when the incident was brought to their attention. (*Id.*)

Plaintiff contends that staff's failure to act enabled events that occurred on January 30, 2021. (*Id.*) Plaintiff was sitting in the doorway requesting medical care. (*Id.*) He alleges that by that time, his psychiatrist, Mr. Wood (not a party), had diagnosed him as severely mentally ill. (*Id.*) Defendant Price threatened Plaintiff to "be quiet and quit or he would 'get hurt.'" (*Id.*) Plaintiff claims that Defendants Hill, Lester, Trombley, and Moot then severely assaulted Plaintiff "under direct supervision" of Defendants Price and Mann. (*Id.*) The officers had handcuffs around their knuckles and beat Plaintiff with them. (*Id.*) They also picked Plaintiff up in a chokehold, asphyxiating him. (*Id.*)

Plaintiff was injured so severely that he had to go to the hospital for a CT scan of his abdomen. (*Id.*) The scan "showed splenic and renal cuts[,] a partially collapsed lung[,] and bone spurs" on his spine. (*Id.*) Plaintiff also experienced "extreme amounts of blood" in his urine for 8 months. (*Id.*) Plaintiff contends that Defendant Westcomb ignored Plaintiff's requests for pictures of his injuries. (*Id.*) Plaintiff avers that he suffers severe PTSD and has been seeing a facial surgeon in Ann Arbor, Michigan. (*Id.*) He contends that the officers involved in the events of January 30, 2021, "beat a sever[e]ly mentally ill inmate while in the fetal position for asking for medical assistance for a jaw that kept dislocating from injury caused by officers." (*Id.*)

Based on the foregoing, the Court construes Plaintiff's complaint to assert Eighth Amendment violations. Plaintiff also mentions "gross negligence," which the Court construes to

be a claim asserted pursuant to state law. (ECF No. 1, PageID.7.) Plaintiff seeks damages, as well as for all officers involved to be fired and for those who beat him "with metal on their fists" to be criminally charged. (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

4

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

Plaintiff indicates that he is suing all Defendants in their official capacities. (ECF No. 1, PageID.2–5.) He also sues Defendants Schroeder, Tennyson, Neun, Britton, Hill, Lester, Trombley, and Moot in their personal capacities. (*Id.*)

Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771

(6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Plaintiff seeks damages in this action. (ECF No. 1, PageID.7.) He also requests that all involved officers be fired, and that those who beat him "with metal on their fists" be criminally prosecuted. (*Id.*) Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities.

While damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Graham*, 473 U.S. at 167 n.14. Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Plaintiff, however, is no longer confined at LMF, where he avers that the individual Defendants are employed. The Sixth Circuit has held that transfer to another prison facility moots a prisoner's claims for declaratory and injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Underlying this rule is the premise

that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *id.*; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Plaintiff is now incarcerated at IBC, and the individual Defendants are not employed at that facility. Plaintiff, therefore, cannot maintain claims for declaratory and injunctive relief against the individual Defendants, and such claims will be dismissed.[1] Plaintiff's official capacity claims against all Defendants will, therefore, be dismissed. Accordingly, that leaves only Plaintiff's individual capacity claims against Defendants Schroeder, Tennyson, Neun, Britton, Hill, Lester, Trombley, and Moot.

### B. Individual Capacity Claims Against Defendants Schroeder, Tennyson, Neun, Britton, Hill, Lester, Trombley, and Moot

#### 1. Defendant Schroeder

Plaintiff avers that after the first use of force on January 26, 2021, Defendant Schroeder "failed to act," enabling the second use of force on January 30, 2021. (ECF No. 1, PageID.6.) It appears that Plaintiff has named Schroeder as a Defendant because of her position as Warden.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d

---

[1] To the extent Plaintiff seeks declaratory and injunctive relief against any Defendants in their individual capacities, such claims will also be dismissed for the reasons set forth above.

484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts permitting an inference that Defendant Schroeder encouraged or condoned the conduct of her subordinates, or authorized, approved, or knowingly acquiesced in the conduct. Indeed, he fails to allege any facts at all about her conduct, other than to say that she failed to act, presumably in response to a grievance. As noted above, however,

8

liability cannot be imposed because a supervisor failed to act upon a grievance. *See Shehee*, 199 F.3d at 300. Although Plaintiff alleges, in a conclusory manner, that Defendant Schroeder's failure to act "enabled" the January 30, 2021, incident, Plaintiff does not provide facts that would allow the Court to infer the same, particularly where the Defendants involved in the use of force on January 26, 2021—the incident that Plaintiff "brought to administrative attention" and Defendant Schroeder "failed to act" upon—were not involved in the subsequent use of force. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Plaintiff's vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Defendant Schroeder was personally involved in the events surrounding the uses of force.

### 2. Defendants Tennyson, Neun, Britton, Hill, Lester, Trombley, and Moot

Plaintiff contends that on January 26, 2021, Defendants Tennyson and Neun took Plaintiff to a dark room where Defendant Britton was waiting and proceeded to slam Plaintiff to the ground while Plaintiff was in handcuffs. (ECF No. 1, PageID.6.) Plaintiff was knocked unconscious and suffered a right knee injury and a dislocated and broken jaw. (*Id.*) Four days later, on January 30, 2022, Defendants Hill, Lester, Trombley, and Moot beat Plaintiff with handcuffs around their knuckles and placed Plaintiff in a choke hold. (*Id.*) Plaintiff suffered "splenic and renal cuts," as well as a partially collapsed lung. (*Id.*) Plaintiff's claims must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986).

Not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson*, 503 U.S. at 9 (holding that "[n]ot every push or

shove . . . violates a prisoner's constitutional rights") (internal quotations omitted). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x. 579, 582 (6th Cir. 2011). Given Plaintiff's allegations, the Court concludes that he has set forth plausible Eighth Amendment excessive force claims against Defendants Tennyson, Neun, Hill, Lester, Trombley, and Moot.

Moreover, an officer is liable for another officer's use of excessive force where the defendant "'observed or had reason to know that excessive force would be or was being used' *and* 'had both the opportunity and the means to prevent the harm from occurring.'" *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (emphasis in original) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *accord Alexander v. Carter ex. rel. Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018); *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *3 (6th Cir. Mar. 20, 2018). Plaintiff's complaint permits an inference that Defendant Britton observed the use of excessive force by Defendants Tennyson and Neun because he was in the room when and where it occurred. Plaintiff, therefore, has set forth a plausible Eighth Amendment failure to intervene claim against Defendant Britton at this time.

### C. State Law Claims

As noted above, Plaintiff mentions "gross negligence," which the Court has construed as a claim asserted pursuant to state law. (ECF No. 1, PageID.7.) Plaintiff, however, does not allege which specific Defendants acted negligently. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v.*

10

*Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertions that Defendants violated state law, therefore, fail to state a claim under § 1983.

Furthermore, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

With respect to Defendants Schroeder, Westcomb, Jack, Lancour, Price, Kortman, and Mann, because Plaintiff's federal claims against these Defendants will be dismissed, the Court will decline to exercise supplemental jurisdiction over any state law "gross negligence" claims that Plaintiff asserts against them. Therefore, Plaintiff's state law "gross negligence" claims against Defendants Schroeder, Westcomb, Jack, Lancour, Price, Kortman, and Mann will be dismissed without prejudice to Plaintiff's ability to bring those claims in the state courts. Because Plaintiff continues to have pending federal claims against Defendants Tennyson, Neun, Hill, Lester, Trombley, Moot, and Britton, the Court will exercise supplemental jurisdiction over any state law "gross negligence" claims Plaintiff asserts against those individuals.

11

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims against Defendants Schroeder, Westcomb, Jack, Lancour, Price, Kortman, and Mann will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss without prejudice Plaintiff's state law "gross negligence" claims against those Defendants because the Court declines to exercise supplemental jurisdiction over such claims.

The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims, as well as any claims for injunctive relief, against remaining Defendants Tennyson, Neun, Britton, Hill, Lester, Trombley, and Moot. The following claims remain in the case: (1) Plaintiff's personal capacity Eighth Amendment excessive force claims for damages against Defendants Tennyson, Neun, Hill, Lester, Trombley, and Moot; (2) Plaintiff's Eighth Amendment personal capacity failure to intervene claim for damages against Defendant Britton; and (3) Plaintiff's state law "gross negligence" claims against Defendants Tennyson, Neun, Hill, Lester, Trombley, Moot, and Britton.

An order consistent with this opinion will be entered.

Dated: November 14, 2022          /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE